# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., | 1:12-cv-01040 MJS HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING LEAVE TO FILE AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION |
| v. | |
| MATTHEW CATE, Director, | (Doc. 1) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition in the Central District of California on November 21, 2011. (ECF No. 1.) On June 26, 2012, the Court severed and transferred claims two and three of the petition to the Eastern District of California. (Order, ECF No. 55.) Claims two and three relate to a 2010 conviction from the Kings County Superior Court.

**DISCUSSION**

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge." Id. at 2(d).

-1-

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In light of the order severing the Petition, the Court requests that Petitioner file an amended petition only addressing claims two and three of the original petition. An amended petition will allow the Court and Respondent to address Petitioner's claims without necessitating review of the claims, arguments, and exhibits of the original petition which are not relevant to the remaining claims.[1]

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   September 6, 2012        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according to the same screening standards that applied to his original petition. In addition, Petitioner is informed that the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition supersedes the original.).