1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURLEY JOHN BROUSSARD, JR.,** | **Case No. 1:12-cv-01040 LJO MJS (HC)** |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | |
| **RALPH M. DIAZ, Director,** | |
| Respondent. | |

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Ralph M. Diaz, Warden at the California Substance Abuse Treatment Facility and State Prison, is hereby substituted as the proper respondent under Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Kenneth N. Sokoler of the office of the California Attorney General. Neither party has consented to magistrate judge jurisdiction. (ECF No. 90, 92.)

I.    **PROCEDURAL BACKGROUND**

        Petitioner is currently in the custody of the California Department of Corrections pursuant to a 1983 judgment of the Superior Court of California, County of Los Angeles, for second degree murder for which Petitioner was sentenced to life in prison. Petitioner is also in custody based upon a 2010 judgment of the Superior Court of California,

1   County of Kings, for battery by a prisoner on a non-confined person for which Petitioner

2   was sentenced to six years in prison. (Clerk's Tr. at 270-73.)

3       On December 13, 2010, on direct appeal, Petitioner's court-appointed counsel

4   filed an opening brief that raised no claims of error and requested the California Court of

5   Appeal to independently review the record. (Lodged Doc. 4; see People v. Wende, 25

6   Cal. 3d 436, 158 Cal. Rptr. 839 (1979).) The Court of Appeal then invited Petitioner to

7   submit additional briefing, and on December 29, 2010, he responded with a handwritten

8   letter that challenged the validity of his prior conviction. (Lodged Doc. 5 at 4-5.) The

9   Court of Appeal denied the appeal on May 31, 2011. (Id.) On June 27, 2011, Petitioner

10  filed a petition for review in the California Supreme Court. (Lodged Doc. 6.) On

11  September 14, 2011, the court denied review. (Lodged Doc. 7.)

12      Prior to the fling of his direct appeal, Petitioner filed a *pro se* habeas corpus

13  petition in the California Supreme Court on October 18, 2010. (Lodged Doc. 8.) On May

14  11, 2011, the California Supreme Court denied Petitioner's habeas corpus petition.

15  (Lodged Doc. 9.)

16      On November 21, 2011, Petitioner filed a habeas corpus Petition in the United

17  States District Court for the Central District of California. (ECF No. 1.) In the Petition, he

18  challenged both his prior conviction, which had occurred in Los Angeles County in 1983,

19  and his current battery conviction from Kings County. (Id. at 2-3.; ECF No. 55 at 1.) On

20  May 21, 2012, Respondent filed a motion to dismiss the Petition and to transfer to this

21  District the portions that challenged Petitioner's battery conviction. (ECF No. 46.) In

22  response, the Central District severed Grounds Two and Three of the Petition and

23  transferred them to this District. (Order, ECF No. 55.)

24      Upon transfer, this Court ordered Petitioner to file an amended petition containing

25  only the claims relating to his 2010 conviction from the Kings County Superior Court.

26  (Order, ECF No. 61.)  On October 10, 2012, Petitioner constructively filed an Amended

27  Petition in this Court. (ECF No. 64 at 1, 6; see Houston v. Lack, 487 U.S. 266, 276

28  (1988).) In his amended complaint, Petitioner presents two grounds for relief. First,

2

Petitioner presents a claim challenging his 1983 second degree murder conviction. Second, Petitioner presents claims that he was prevented from presenting a defense and that the prosecution fraudulently concealed evidence with regard to his 2010 conviction. On November 14, 2012, this Court ordered Respondent to file a response. (ECF No. 71.)

Respondent filed an answer to the petition on March 21, 2013. (Answer, ECF No. 86.) Petitioner filed a traverse on April 15, 2013. (Traverse, ECF No. 94.) The matter stands ready for adjudication.

## II.    STATEMENT OF THE FACTS[1]

On February 13, 2009, at 6:00 a.m., Corcoran State Prison Correctional Officer Ray Cortez was performing a security check. When Cortez came to Broussard's cell, cell 64, Cortez noticed Broussard was holding a state issued cup made of hard brown plastic. Broussard raised the cup and threw the contents of the cup at Cortez. A hot liquid, which smelled like coffee, hit Cortez's clothing and skin. Cortez went to the acute care hospital in the prison. Cortez's skin remained red until the following morning. Although Cortez had verbal disputes with Broussard in the past, this was the first time Broussard physically attacked him.

Antonia Palos, a registered nurse at the hospital, observed that Cortez suffered a first-degree burn on his neck. There were significant red spots on Cortez that Palos described as hot liquid burns. During the bifurcated hearing on the truth of Broussard's prior conviction for murder, the People submitted Broussard's section 969b packet as evidence of his prior murder conviction. Broussard's counsel objected to admission of the packet into evidence arguing that it did not clearly identify Broussard as the perpetrator of the prior offense. The trial court overruled defense counsel's objection and found that Broussard was the person identified in the packet. The packet was received into evidence. Broussard testified that he had not been convicted of murder. The jury found the prior conviction allegation true.

(Lodged Doc. 5.)

## II.    DISCUSSION

### A.    Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the

---

[1]The Fifth District Court of Appeal's summary of the facts in its May 31, 2011 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

1 | Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. §
2 | 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he
3 | suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the
4 | conviction challenged arises out of the Kern County Superior Court, which is located
5 | within the jurisdiction of this court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court
6 | has jurisdiction over the action.

**B.    Legal Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); <u>Williams v. Taylor</u>, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

1.    <u>Contrary to or an Unreasonable Application of Federal Law</u>

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005) citing <u>Williams</u>, 529 U.S. at 405-06. "AEDPA does not require state and federal courts to wait for some nearly identical

1  factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that

2  even a general standard may be applied in an unreasonable manner" <u>Panetti v.</u>

3  <u>Quarterman</u>, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The

4  "clearly established Federal law" requirement "does not demand more than a 'principle'

5  or 'general standard.'" <u>Musladin v. Lamarque</u>, 555 F.3d 830, 839 (2009).  For a state

6  decision to be an unreasonable application of clearly established federal law under §

7  2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle

8  (or principles) to the issue before the state court.  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-

9  71 (2003).  A state court decision will involve an "unreasonable application of" federal

10  law only if it is "objectively unreasonable." <u>Id.</u> at 75-76, quoting <u>Williams</u>, 529 U.S. at

11  409-10; <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002). In <u>Harrington v. Richter</u>, the

12  Court further stresses that "an *unreasonable* application of federal law is different from

13  an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing <u>Williams</u>, 529

14  U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks

15  merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

16  correctness of the state court's decision."  <u>Id.</u> at 786 (citing <u>Yarborough v. Alvarado</u>, 541

17  U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts

18  have in reading outcomes in case-by-case determinations." <u>Id.</u>; <u>Renico v. Lett</u>, 130 S.

19  Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established

20  Federal law for a state court to decline to apply a specific legal rule that has not been

21  squarely established by this Court."  <u>Knowles v. Mirzayance</u>, 129 S. Ct. 1411, 1419

22  (2009), quoted by <u>Richter</u>, 131 S. Ct. at 786.

23            2.    <u>Review of State Decisions</u>

24       "Where there has been one reasoned state judgment rejecting a federal claim,

25  later unexplained orders upholding that judgment or rejecting the claim rest on the same

26  grounds." <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  This is referred to as the

27  "look through" presumption.  <u>Id.</u> at 804; <u>Plascencia v. Alameida</u>, 467 F.3d 1190, 1198

28  (9th Cir. 2006).   Determining whether a state court's decision resulted from an

1  unreasonable legal or factual conclusion, "does not require that there be an opinion from

2  the state court explaining the state court's reasoning." <u>Richter</u>, 131 S. Ct. at 784-85.

3  "Where a state court's decision is unaccompanied by an explanation, the habeas

4  petitioner's burden still must be met by showing there was no reasonable basis for the

5  state court to deny relief." <u>Id.</u> ("This Court now holds and reconfirms that § 2254(d) does

6  not require a state court to give reasons before its decision can be deemed to have been

7  'adjudicated on the merits.'").

8       <u>Richter</u> instructs that whether the state court decision is reasoned and explained,

9  or merely a summary denial, the approach to evaluating unreasonableness under §

10  2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments

11  or theories supported or, as here, could have supported, the state court's decision; then

12  it must ask whether it is possible fairminded jurists could disagree that those arguments

13  or theories are inconsistent with the holding in a prior decision of this Court." <u>Id.</u> at 786.

14  Thus, "even a strong case for relief does not mean the state court's contrary conclusion

15  was unreasonable." <u>Id.</u> (citing <u>Lockyer v. Andrade</u>, 538 U.S. at 75).  AEDPA "preserves

16  authority to issue the writ in cases where there is no possibility fairminded jurists could

17  disagree that the state court's decision conflicts with this Court's precedents." <u>Id.</u> To put

18  it yet another way:

19
20      As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond

21  any possibility for fairminded disagreement.

22  <u>Id.</u> at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts

23  are the principal forum for asserting constitutional challenges to state convictions." <u>Id.</u> at

24  787. It follows from this consideration that § 2254(d) "complements the exhaustion

25  requirement and the doctrine of procedural bar to ensure that state proceedings are the

26  central process, not just a preliminary step for later federal habeas proceedings." <u>Id.</u>

27  (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 90 (1977).

28  ///

3.      Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).  Some constitutional errors, however, do not require that the petitioner demonstrate prejudice.  See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984).  Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard.  Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002).  Musalin v. Lamarque, 555 F.3d at 834.

III.   **REVIEW OF PETITION**

A.      **Claim One: Challenges to Petitioner's 1983 Murder Conviction**

In Petitioner's amended Petition, he challenges his 1983 murder conviction. As Respondent correctly argues, the claim is both untimely and successive. In 2009, Petitioner presented claims regarding the 1983 conviction in the United States District Court for the Central District of California. (Lodged Docs. 12-14.) On December 7, 2009, the court denied the petition as untimely under 28 U.S.C. § 2244(d)(1). Furtermore, upon severing the claims of this petition, the Central District of California denied Petitioner's claims regarding his 1983 conviction as successive.

As claims relating to the 1983 conviction have already been adjudicated in federal court, the present claim is successive under § 2244(b).

A court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme

1    Court or 2) the factual basis of the claim was not previously discoverable through due

2    diligence, and these new facts establish by clear and convincing evidence that but for

3    the constitutional error, no reasonable factfinder would have found the applicant guilty of

4    the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

5    that decides whether a second or successive petition meets these requirements; the

6    Petitioner must first file a motion with the appropriate court of appeals to be authorized to

7    file a second or successive petition with the district court.

8        Section 2244 (b)(3)(A) provides: "Before a second or successive application

9    permitted by this section is filed in the district court, the applicant shall move in the

10   appropriate court of appeals for an order authorizing the district court to consider the

11   application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

12   can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

13   651, 656-657 (1996). This Court must dismiss any second or successive petition unless

14   the Court of Appeals has given Petitioner leave to file the petition because a district court

15   lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

16   Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

17       Because the current petition was filed after April 24, 1996, the provisions of the

18   Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

19   petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

20   he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

21   the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

22   renewed application for relief under Section 2254 and must deny the claim. See

23   Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing claims relating

24   to his 1983 conviction, he must file for leave to do so with the Ninth Circuit. See 28

25   U.S.C. § 2244(b)(3).

26       **B.    Claim Two: Challenges to Petitioner's 2010 Conviction**

27       Petitioner, in his second claim, presents various challenges to his 2010

28   conviction. It appears that Petitioner presents a claim for double jeopardy, that he was

1  prevented from presenting a defense, that the trial judge was manipulated by the

2  California Correctional Peace Officers' Association, and that his attorney had a conflict of

3  interest. (Am. Pet., ECF No. 64 at 4.)

4      Petitioner's claims are insufficiently plead. The notice pleading standard

5  applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas

6  Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the

7  facts supporting each ground; the petition is expected to state facts that point to a real

8  possibility of constitutional error and show the relationship of the facts to the claim.

9  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S.

10  644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting

11  Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the

12  rules is to assist the district court in determining whether the respondent should be

13  ordered to show cause why the writ should not be granted and to permit the filing of an

14  answer that satisfies the requirement that it address the allegations in the petition.

15  Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably

16  incredible, and that are unsupported by a statement of specific facts, are insufficient to

17  warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-

18  05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

19      Here, Petitioner has failed to state sufficient facts with regard to his claims

20  challenging his 2010 conviction. For each of the claims listed - double jeopardy, being

21  prevented from presenting a defense, manipulation of the trial judge, and that his

22  attorney had a conflict of interest - Petitioner has not provided any further argument or

23  factual and legal support. While Petitioner attached a declaration with his petition, the

24  statements in the declaration are cursory or not relevant to the claims raised. Moreover,

25  after Respondent answered the claim and asserted that the claim was insufficiently

26  plead, Petitioner provided no further support for his claims in his traverse. Without more,

27  Petitioner has not stated his claim with sufficient particularity to entitle it to judicial

28  review.

The claims must be dismissed. Nevertheless, it is possible that tenable claims for relief could be presented if Petitioner amended his petition to include facts, arguments, and citations to the record in support of his claims. Thus, Petitioner will be granted the opportunity to file a first amended petition to set forth proper claims for relief with regard to claims relating to his 2010 conviction. Petitioner is advised that he must reference the instant case number and designate his petition as a "Second Amended Petition." Petitioner is forewarned that failure to comply with this order will result in dismissal of the action.

## IV.    RECOMMENDATION

Accordingly, it is hereby recommended that claim one the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that Petitioner's second claim, challenging his 2010 conviction is dismissed without prejudice to Petitioner filing a Second Amended Petition providing sufficient facts, arguments, and legal authority to support his claims.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 4, 2013          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28