IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURLEY JOHN BROUSSARD, JR.,**<br><br>Petitioner,<br><br>v.<br><br>**RALPH M. DIAZ, Director,**<br><br>Respondent. | **Case No. 1:12-cv-01040 LJO MJS (HC)**<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

I.  **RELEVANT FACTS**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 5, 2013, the Magistrate Judge issued findings and a recommendation denying Petitioner's claims challenging a 1983 judgment of the Superior Court of California, County of Los Angeles, and providing petitioner leave to file an amended petition regarding his second claim challenging Petitioner's 2010 conviction. (ECF No. 100.) In response, Petitioner filed several documents with the court, including a motion for temporary restraining order, a motion to file a second amended complaint, a

petition for writ of mandamus, and a motion to stay the proceedings. (See ECF Nos. 101, 105-06, 108.)

On February 13, 2014 the Court adopted the Findings and Recommendation denying Petitioner's first claim for relief and providing Petitioner thirty (30) days to file a second amended petition regarding his 2010 conviction. (ECF No. 111.) Petitioner was forewarned that failure to respond would result in the dismissal of the petition. (Id.)

Over thirty days have passed and Petitioner has not filed a second amended petition as required by the Court. Instead, on February 28, 2014, Petitioner filed a motion for copies. (ECF No. 112.)  In response, Respondent provided Petitioner copies of the relevant documents. (ECF No. 113.)

**II.    DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several

factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the first two factors, namely, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because it does not appear that Plaintiff has made a good faith effort to prosecute this matter. The matter has been pending for over two years, and despite being ordered to do so, Petitioner has not provided the Court sufficiently plead claims relating to his 2010 conviction. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would result from non-compliance with the order. (See ECF No. 111 ["[F]ailure to follow this order will result in dismissal of the petition pursuant to Local Rule 110."].)

**II.     RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). Finally, Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 7, 2014                         /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE